UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EDWARD WILLIAMS, | ) | CASE NO. 5:05 CV 1943 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OHIO DEPARTMENT OF | ) | AND ORDER |
| DEVELOPMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 5, 2005, plaintiff pro se Edward Williams filed this action under 42 U.S.C. §§

1983 and 1985 against the Ohio Department of Development, the Ohio Housing Finance Agency, Finance

Agency Employee Karen Banyai, and "Director" Doug Garver.[1]  In the complaint, plaintiff alleges that he

was the victim of discrimination when he was denied state funding for three proposed housing development

projects, and was given incomplete information regarding a loan.  He seeks $ 1,150,000.00 in

compensatory damages, which he claims is the amount he should have received in funding, and $

3,450,000.00 in punitive damages.  Mr. Williams also filed an Application to Proceed In Forma Pauperis.

That Application is granted.

---

[1]        Mr. Williams does not specify for which Agency Mr. Garver is the Director.

*Background*

Mr. Williams contends he applied for "pre-development" funding for three proposed housing developments on September 1, 2004.  (Compl. at 1.)  He does not indicate to which agency he submitted his application.  He states he was denied funding because he did not produce copies of the property deeds as required by the "site control clause."[2]  Mr. Williams claims he should have been held to a less stringent standard because he was seeking "pre-development" funding as opposed to funding for a housing "development program."  (Compl. at 1.)  He believes this denied him equal protection under the Fourteenth Amendment.

Mr. Williams further indicates that other entities were not held to all of the provisions of the site control clause while he was required to produce copies of property deeds.  He alleges three businesses were given a "60 day site control" instead of the "180 day site control" found in the "HDAP Guidelines." (Compl. at 2.)  He alleges that these three businesses received funding while he did not.  Mr. Williams argues that his site control issue was treated differently from the site control issues presented by these three companies.  He claims if they were able to obtain funding, he also should have been able to obtain funding.  He asserts that the different treatment is discriminatory.

Finally, Mr. Williams claims he attempted to apply for a loan through the Housing Development Loan Program on December 1, 2004.  He indicates he was repeatedly told by Ms. Banyai that he could not apply until the applications came out in the spring.  He claims she knew they would come

_____

[2]      It is not clear whether Mr. Williams's failure to include the deeds was merely an error of omission, or whether he could not produce the deeds because he intended to use the funding to purchase the properties.

out in March.  He then claims he "had been asking about a loan for three years and...kept being told there were no funds available; that's why I had been asking about the loan since January."  (Compl. at 2.)  He states he learned funds had been disbursed in March 2004 for applications received in 2003.  Mr. Williams contends he was told information was available on the agency's website in February regarding the disbursement of March funds.  He claims this information was a falsification.  Mr. Williams asserts that this is another instance of discrimination.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

## *Immunity*

As an initial matter, Mr. Williams cannot bring this action against the Ohio Department of Development, Ohio Housing Finance Agency or any of its employees in their official capacities. The Eleventh Amendment is an absolute bar to the imposition of liability upon State agencies.  Latham v. Office

---

[3]      An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

of Atty. Gen. of State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005); Bouquett v. Clemmer, 626 F. Supp. 46, 48 (S.D. Ohio 1985).  Because a suit against a public servant in his or her official capacity imposes liability on the office he or she represents, the Eleventh Amendment also bars suits against agency employees in their official capacities.  Brandon v. Holt, 469 U.S. 464, 471 (1985).  Mr. Williams does not specify the capacity in which he asserts his claims against Ms. Banyai and Mr. Garver; however, the allegations in the complaint concern actions taken by these defendants in their official capacities.  The Eleventh Amendment requires dismissal of these claims.

### *42 U.S.C. § 1983*

Even if Mr. Williams had asserted his claims against Ms. Banyai and Mr. Garner in their individual capacities, they would be subject to dismissal.  The court notes that there are no allegations suggesting that Mr. Garner participated in any of the activities giving rise to plaintiff's claims.  A defendant may not be held liable in a civil rights action absent a clear showing that he or she was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  Mr. Garner is mentioned only in the case caption.  There is nothing in the body of the complaint to indicate he was aware of the difficulties Mr. Williams was experiencing.

It is possible that Mr. Garner was named as a defendant simply because he is the Director of one of the Ohio agencies with which Mr. Williams had attempted to obtain a loan.  For an individual supervisor or employer to be found liable for the acts of an employee under § 1983, the acts of the employee must have been in accordance with some official policy or custom or the supervisor must have encouraged the specific misconduct or in some way directly participated in it.  See Monell v. Dept. of

4

Social Services, 436 U.S. 658, 690-91 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir.

1982);  Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Again, the complaint contains no

suggestion of a custom or policy of Mr. Garner which may have resulted in the deprivation of a federally

protected right of the plaintiff.  There is also no suggestion that he encouraged, acquiesced in, or directly

participated in the conduct described in the complaint.

        The only defendant against whom an individual capacity claim for damages plausibly could

be asserted would be Karen Banyai.  Mr. Williams alleges he was "repeatedly told by Karen Banyai the

administrator of the loan program I could not apply...until the loan package came out in the spring knowing

she gave it out in March."  (Compl. at 2.)  He then claims he found out they disbursed funds in March of

2004 "to people who had housing credits the year before in 2003."  He states he "was never informed of

this.  The only information you can get about a subject is in most all cases is [sic] from Karen Banyai."

(Compl. 3.)  He claims without further explanation that he was the victim of discrimination in violation of

the Equal Protection Clause.

        Mr. Williams's factual allegations must be presumed true and liberally construed in his

favor when reviewing the adequacy of his complaint.  Phillips v. Bureau of Prisons, 591 F.2d 966, 968

(D.C.Cir.1979) (citing Miree v. DeKalb County, Georgia, 433 U.S. 25, 27 n. 2 (1977)). However, legal

conclusions, deductions or opinions couched as factual allegations are not sufficient to state a valid claim.

See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd,

446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). In making an equal

protection challenge, the plaintiff bears the initial burden of alleging facts to suggest that a discrimination

of some substance has occurred against him which has not occurred against other individuals who were

similarly situated. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985)(emphasis added); Clements v. Flashing, 457 U.S. 957, 967 (1982). Merely alleging that Ms. Banyai did not do enough to keep him informed of the application process, is not sufficient to suggest a violation of the Equal Protection Clause. Mr. Williams does not allege that Ms. Banyai treated him differently than other similarly situated potential applicants. Moreover, even if Mr. Williams was treated differently than those with whom he is similarly situated, his equal protection claim against Ms. Banyai must be dismissed. The administration by state officers of a state statute, regulation, or policy which is neutral on its face but which results in unequal application to those entitled to be treated alike, is not a denial of equal protection unless there is shown to be intentional or purposeful discrimination for an unlawful reason, such as race, gender, religion, or national origin. Snowden v. Hughes, 321 U.S. 1, 8 (1944); Charles v. Baesler, 910 F.2d 1349, 1356 (6th Cir. 1990). Discriminatory purpose "implies more than intent as volition or intent as awareness of consequences. It implies that the decision-maker...selected...a particular course of action at least in part 'because of,' not merely 'in spite of' its adverse effects upon an identifiable group." Personnel Admin. of Mass. v. Feeney, 442 U.S. 256, 279 (1979); Coyne v. City of Sommerville, 972 F.2d 440, 445 (1st Cir. 1992). A discriminatory purpose will not be presumed. Tarrance v. State of Florida, 188 U.S. 519, 510 (1903).

The complaint contains no set of facts suggesting that the denial of the funding application was done with a purposeful intent to discriminate against him based upon his membership in a protected class. In fact, he fails to identify which protected class, if any, he believes to have played a part in the actions of Ms. Banyai. The misapplication of a state regulation does not rise to the level of intentional invidious discrimination, Charles, 910 F.2d at 1357, and will not be established simply by applying the

6

epithets "willful" and "malicious" to the allegations.  <u>Coyne</u>, 972 F.2d at 445.  Mr. Williams claims under the Fourteenth Amendment are dismissed.

<u>*42 U.S.C. § 1985*</u>

Similarly, Mr. Williams fails to state a claim for relief under 42 U.S.C. § 1985.  To establish a violation of § 1985, plaintiff must allege that the defendants conspired together for the purpose of depriving the plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus.  <u>Bass v. Robinson</u>, 167 F.3d 1041, 1050 (6th Cir. 1999).  Plaintiff alleges no facts to suggest that any of the defendants conspired together to deprive him of his right to equal protection of the law or that their actions were in any way motivated by plaintiff's race or membership in another protected class.

***Conclusion***

Accordingly, Mr. Williams's Application to Proceed <u>In Forma Pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. §

7

1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

                IT IS SO ORDERED.


Dated: September 30, 2005                *s/   James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[4]      28 U.S.C. § 1915(a)(3) provides:

      An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.